Robert P. Spretnak, Esq. (Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone (702) 454-4900
Facsimile  (702) 938-1055

John P. Fuller, Esquire, *pro hac vice pending*
jpf@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MEGGS, Individually, <br><br> Plaintiff, <br><br> vs. <br><br> LUCKY LUCY D LLC, a Nevada Limited Liability Company, <br><br> Defendant. | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND RELATED STATE LAW CLAIMS

Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, LUCKY LUCY D LLC, a Nevada Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the Nevada Revised Statutes 651.070 et. seq. ("Nevada ADA" or "NADA"), and allege the following:

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1.  Plaintiff, JOHN MEGGS, is an individual residing at 1615 W. 207th St., Torrance, CA

1. 90501-1917, in the County of Los Angeles.
2. Defendant, LUCKY LUCY D LLC, is the owner of, Lucky Club Casino and Hotel, located at 3227 Civic Center Dr., North Las Vegas, NV 89030, in the County of Clark.
3. Venue is properly located in the District of Nevada because venue lies in the judicial district of the property situs. The Defendant's property is located in and do business within this judicial district.
4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.
5. Plaintiff JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic. Mr. Meggs relies on a wheelchair for mobility. Mr. Meggs regularly visits Las Vegas to visit his two daughters, who reside in Las Vegas, and close friends, and to enjoy the entertainment and to gamble. Mr. Meggs has been to the subject casino on numerous occasions but has stayed at the subject casino and hotel as a guest on March 4, 2018, and he plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property, except that he intends to stay overnight when the hotel rooms are made accessible. Plaintiff John Meggs has encountered architectural barriers at the subject casino and hotel, as set forth herein. The barriers to access at the property have endangered his safety.
6. Defendant owns, leases (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases (or leases to), is known as Lucky Club Casino and Hotel, and is located at 3227 Civic Center Dr., North Las Vegas, NV 89030.
7. JOHN MEGGS has a realistic, credible, existing and continuing threat of discrimination from

the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. JOHN MEGGS desires to visit Lucky Club Casino and Hotel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated individuals will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Lucky Club Casino and Hotel has shown that violations exist. These violations that JOHN MEGGS personally encountered or observed at the subject property include, but are not limited to:

**Parking and Exterior Accessible Route**

A. Accessible parking spaces are not located on compliant accessible routes to enter the building, preventing Mr. Meggs' unloading from vehicles and hotel access violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards. The repair is readily achievable.

B. Lucky Club Casino Hotel has parking for over 300 cars without compliant signage for accessible parking spaces. Several parking spaces lack clear level aisles with slopes or contain abrupt changes of level in some spaces, violating Section 502 of the 2010 ADA Standards. These conditions prevented Mr. Meggs from unloading from his vehicle and forced him to park in more distant areas and use 2 spaces to be able to unload on several occasions.

C. Lucky Club Casino Hotel lacks a compliant accessible route to the adjacent street, sidewalk and public transit preventing Mr. Meggs from accessing the property from these areas and violating Section 206.2.1 of the 2010 ADAAS.

**Entrance Access and Path of Travel**

D. Ramps leading to hotel areas have excessive slopes or lack required handrails which

endangered Mr. Meggs, violating 2010 ADAS Section 405. Cross slopes, changes of level and paths under 36" impeded Mr. Meggs' travel to and through hotel areas, as well as from the street, sidewalk and public transit violating ADAS Sections 303, 304 and 403.

**Access to Goods and Services**

E. The casino and hotel fail to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

F. The recreation area fails to provide accessible routes to the pool area and relaxation spaces preventing plaintiff's use and violating ADA accessibility requirements.

G. Mr. Meggs could not access the hotel check-in and food counters or tables which are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

H. Mr. Meggs could not use the bar, slot machines or adjacent table surfaces which are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

**Access to William Hill Sports Betting Services**

I. William Hill sportsbook fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

J. The wagering area fails to provide accessible routes to the cashier area and self-service kiosks preventing plaintiff's use and violating ADA accessibility requirements.

K. Mr. Meggs could not access the William Hill cashier counter, viewing area tables, betting kiosks, information sheets and writing surfaces which are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

**Access to Common Area Restrooms**

L. Mr. Meggs could not access stalls whose doors are not self-closing, lack required door hardware and maneuvering space violating 2010 ADAS Sections 404 and 604, which repair is readily achievable. The toilet paper dispenser is beyond reach and the flush control is on the wall side violating Section 604 of the 2010 ADAS. All of these elements prevented the use of the restroom by Mr. Meggs.

**Access to Guestroom #107**

M. The plaintiff could not safely exit the guest room. Maneuvering space is obstructed at the door by furniture in violation of Section 404 of the 2010 ADAS.

N. Plaintiff could not use the accessible guestroom water closet with no rear grab bar. The side grab bar is mounted too low, less than 42" long and is obstructed by the improperly located toilet paper dispenser. The flush control is on the short side, the

centerline is over 18" from the wall and there is inadequate transfer space violating ADAAG Section 4.16 and Section 604 of the 2010 ADAS, repairs are readily achievable. All of these conditions prevented Mr. Meggs from using the elements.

O. Plaintiff could not use door locks that are mounted outside the ranges prescribed in ADAAG Section 4.2 and ADAS Section 308, whose resolution is readily achievable.

P. Plaintiff could not use the roll-in shower or seat as their designs violate ADAAG Section 4.21 and ADAS Sections 608 and 610.

Q. Plaintiff could not access the thermostat, window curtains or both sides of the bed and was impeded by a 29" pinch point and 33" clear width for over 2' provided in the guest room which violate the ADAAG and the 2010 ADAS.

R. Plaintiff could not use the desk with knee clearance 26" AFF in violation of Section 4.32 of the ADAAG and ADAS Section 306.

S. Mr. Meggs could not use the lavatory which is improperly mounted without required knee and toe space violating ADAAG Section 4.19 and Section 606 of the 2010 ADAS, repair is readily achievable.

**Guest Rooms**

T. The facility fails to provide the required number and type of compliant guest rooms properly disbursed amongst the various classes of accommodations as required by Section 224 and 806 of the 2010 ADA Standards of Accessible Design.

10. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of

public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and

useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Lucky Club Casino and Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

17. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF THE NEVADA LAW
## AGAINST DISCRIMINATION - Nevada ADA
### (violation of Nevada Revised Statutes 651.070 et seq.

17. The individual Plaintiff repeats the foregoing allegations as if they were expressly stated herein.

18. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

19. Defendant withheld, denied, deprived and/or attempted to withhold, deny or deprive the Plaintiff the rights and privileges secured to them by NRS 651.070, et seq.

20. Pursuant to NRS 651.070, the Plaintiff was and is entitled to the full and equal enjoyment of the facilities and accommodations of any place of public accommodation, including the premises, goods and services of the Defendant, without discrimination or segregation based on his disability.

21. Defendant's actions were in violation of a legal duty owed to the individual Plaintiff.

22. Defendant is and was required to comply with the dictates of the Federal and state laws which forbid discriminatory policies, practices and facilities, including but not limited to architectural barriers.

23. The individual Plaintiff suffered injury to his dignity, mental anguish and humiliation, and other injuries, which were proximately caused by the Defendant's acts and failures to act.

**WHEREFORE**, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit, is in violation of Nevada Revised Statutes 651.070, et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing

1  to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. Award compensatory damages to Plaintiff JOHN MEGGS.

d. An award of attorneys' fees, costs and litigation expenses.

e. The Court award such other and further relief as it deems necessary.

Respectfully Submitted,

Robert P. Spretnak, Esquire (NV Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123-2545
Telephone (702) 454-4900
Facsimile  (702) 938-1055

John P. Fuller, Esquire, *pro hac vice pending*
jpf@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505

By: _____
    Robert P. Spretnak, Esquire
    NV Bar No. 5135

Date:  05/18/2018

Attorneys for Plaintiff John Meggs